UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-cr-427 (JDB) |
| : | |
| KEVIN MOORE and : | |
| CAROL MOORE, : | |
| Defendants. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY
CONDITIONS OF RELEASE**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Response to defendants Kevin and Carol Moore's Oral Motion to Modify Conditions of Release. The defendants ask this court to modify the conditions of release prohibiting their travel to Washington, D.C. *See* ECF No. 9 at 3; ECF No. 10 at 3. The defendants wish to attend the U.S. Presidential Inauguration scheduled to take place on January 20, 2025. This Court should deny the motion for the reasons outlined below.

**I.      BACKGROUND**

On January 6, 2021, thousands of rioters took part in an attack on the U.S. Capitol in an effort to stop the certification of the results of the 2020 presidential election. These rioters forced their way into the U.S. Capitol building, requiring elected officials and their staff to flee or shelter in place and resulting in hundreds of injured officers and even multiple deaths. That day, the defendants joined the riot and breached the U.S. Capitol Building, entering and exiting through the Senate Wing Door. ECF No. 1-1 at 6–8. Indeed, the defendants took photos of their criminal activities and shared those images via text message. *See id.* at 2. For their actions, the defendants were charged with violations of 18 U.S.C. §§ 1752(a)(1) and (a)(2) and 40 U.S.C. §§ 5104(e)(2)(D) and (e)(2)(G) and were arrested on May 15, 2024. *See* ECF No. 5; ECF No. 6.

1

On December 13, 2024, the defendants moved orally to modify their conditions of release imposed by U.S. Magistrate Judge G. Michael Harvey generally prohibiting their travel to Washington, D.C. *See* ECF No. 9 at 3 ("Stay away from DC except for attendance at Court proceedings, meeting with counsel, other defense members to include investigator, and PSA business"); ECF No. 10 at 3 (same). The government has received near identical motions in other January 6, 2021 related prosecutions. *See, e.g.*, *United States v. Cindy Young*, 23-cr-241-TSC-GMH, ECF. No. 112. No court to date has ruled on such motions.

On December 16, 2024, Pretrial Services Agency ("PSA") Officer Lakeisha Forbes, who is supervising the defendants, indicated orally to the government her opposition to the request.[1] Specifically, Officer Forbes stated that the condition of release was properly placed to ensure the safety of the D.C. community, that the defendants should not be privileged to return to the scene of their crime, and that law enforcement officers present on January 6, 2021 may be again required to defend U.S. Capitol Grounds on January 20, 2025 and the presence of those credibly accused of rioting on January 6, 2021 could risk retraumatizing them.

## II.   LAW & ARGUMENT

The Bail Reform Act requires that a defendant on pretrial release be "subject to the least restrictive condition, or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). This Court may "at any time amend [an] order [setting conditions of release] to impose additional or different conditions." *Id.* § 3142(c)(3). When determining conditions of release, the following factors are pertinent: "the nature and circumstances of the offense charged";

---

[1] Though the defendants are being courtesy supervised, PSA for the Eastern District of New York/Central Islip defers to PSA for the District of Columbia for positions on requests to modify release conditions.

"the weight of the evidence against the person"; "the history and characteristics of the person"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

The last organized event the defendants attended in Washington, D.C., spiraled into a full-scale riot. While the defendants are charged with non-violent misdemeanors, Washington, D.C., and specifically the United States Capitol, is the last place they should be allowed to visit absent required hearings. This was the scene of their crime—a crime which contributed to the disruption of the peaceful transition of power. What's past is prologue, and the defendants could easily find themselves in another situation where they engage in mob violence.

This Court has previously confronted motions to modify conditions of release by January 6, 2021 defendants. *See United States v. Brock*, 2021 U.S. Dist. LEXIS 153394 (D.D.C. Aug. 16, 2021). In *Brock*, after noting that neither the government nor PSA objected, this Court found that removing Brock from home detention was appropriate. *Id.* at *7. Over objections of the government, however, this Court further ordered modification of Brock's conditions of release, removing location monitoring and a curfew and allowing travel throughout the Northern District of Texas where he resided. With respect to the curfew, this Court did "not see how a nightly curfew is tailored to prevent the particular type of danger that Brock poses—namely, of engaging in or facilitating politically motivated violence." *Id.* at *10. In allowing travel throughout the Northern District of Texas, this Court notably required that the defendant "obtain approval from his Pretrial Services Officer for all other travel." *Id.* at *12.

Here, PSA has opined that they would not give approval for the defendants to travel to Washington, D.C. In addition to the reasons stated above, PSA indicated that there is a nontrivial risk that law enforcement officers would be retraumatized by the presence of those who rioted on

January 6, 2021. Moreover, unlike this Court's prior rejection of a nightly curfew for failing to be narrowly tailored, the government's position here could not be narrower: the defendants should not be allowed to return to the scene of the crime unmoored from the necessities of their case. The release condition limiting the defendants travel to Washington D.C. set by U.S. Magistrate Judge G. Michael Harvey should not be modified.

### III. CONCLUSION

For these reasons, the government respectfully requests that the Court deny the defendants' motion to modify their conditions of pretrial release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: 

*/s/ Pavan S. Krishnamurthy*
PAVAN S. KRISHNAMURTHY
Assistant United States Attorney
D.C. Bar No. 252831
601 D Street NW
Washington, DC 20001
(202) 252-7862
pavan.krishnamurthy@usdoj.gov