UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CAROL MOORE and<br>KEVIN MOORE,<br><br>Defendants. | Crim. A. No. 24-427 (JDB) |

**ORDER**

    Defendants Carol and Kevin Moore are both charged with four misdemeanors arising from their actions at the United States Capitol on January 6, 2021. Before the Court is their joint motion to modify their pretrial-release conditions so they can attend President Donald Trump's inauguration on January 20, 2025, in Washington, D.C. The Court grants the motion for the reasons below.

**Background**

    On May 15, 2024, Carol Moore and her husband Kevin Moore were arrested for four federal misdemeanors: entering and remaining in a restricted building or grounds, 18 U.S.C. § 1752(a)(1), disorderly and disruptive conduct in a restricted building or grounds, 18 U.S.C. § 1752(a)(2), disorderly conduct in a Capitol building, 40 U.S.C. § 5104(e)(2)(D), and parading, demonstrating, or picketing in a Capitol building, 40 U.S.C. § 5104(e)(2)(G). See Executed Arrest Warrant as to Kevin Moore [ECF No. 6]; Executed Arrest Warrant as to Carol Moore [ECF No. 5]; Sealed Compl. as to Carol Moore, Kevin Moore [ECF No. 1] ("Compl.") at 1. The basis for the charges was the Moores' conduct on January 6, 2021. See Statement of Facts [ECF No. 1-1]

1

at 2–10. An information was filed on September 19, 2024, charging the Moores with the same four misdemeanors. See Information as to Carol Moore, Kevin Moore [ECF No. 25].

Video and photo evidence shows the Moores attended President Trump's January 6, 2021 speech at the Ellipse in Washington, D.C. and then proceeded to enter the United States Capitol with the mob that marched from the Ellipse. See id. at 4–6. Per the government's allegations, the Moores entered the Capitol at 3:12 p.m., took photos of themselves with Capitol Police, "aggressively gestured at a law enforcement officer," and exited the Capitol around 3:20 p.m. See id. at 6–8. The government does not allege the Moores went to President Trump's speech dressed for combat, that they carried weapons, or that they otherwise engaged in, or attempted to engage in, violence.

After their arrest, the Moores appeared before a magistrate judge who set conditions for pretrial release. See Order Setting Conditions of Release as to Kevin Moore [ECF No. 10]; Order Setting Conditions of Release as to Carol Moore [ECF No. 9]. Consistent with the practice for other January 6 defendants, the conditions included that the Moores must "[s]tay away from DC except for attendance at Court proceedings" or other matters related to their case. See Order Setting Conditions of Release as to Kevin Moore at 3; Order Setting Conditions of Release as to Carol Moore at 3; see also, e.g., Order Setting Conditions of Release, ECF No. 11, at 3 United States v. Tatum, Crim A. No. 24-291 (JDB); Order Setting Conditions of Release, ECF No. 6, at 3, United States v. Nelson, Crim. A. No. 23-0205. This Court has not modified the conditions of release.

On October 7, 2024, the Moores pleaded not guilty on all counts. See Minute Entry of Oct. 7, 2024, United States v. Moore, Crim. A. No. 24-0427 (JDB). On December 13, 2024, the Court held a status conference at which it ruled on various motions and set the Moores' trial date for

April 14, 2025.  See Minute Entry of Dec. 13, 2024, United States v. Moore, Crim. A. No. 24-0427 (JDB).  At that same conference, the Moores verbally moved to modify their release conditions so they can attend President Trump's inauguration on January 20, 2025.  The Court ordered the government to file a response, id., which the government did on December 17, 2024, see Government's Resp. to Defs.' Mot. to Modify Conditions of Release [ECF No. 51] ("Opp'n").  The Moores then replied.  See Moores' Reply to Government's Opp'n to Mot. to Modify Conditions of Release [ECF No. 53] ("Reply").

## Legal Standard

By default, criminal defendants released pretrial are prohibited from committing any crime and are required to cooperate with DNA testing.  18 U.S.C. § 3142(b).  If a court determines these two conditions are insufficient to ensure the defendant's attendance in court or others' safety, the court must impose on the defendant "the least restrictive further condition, or combination of conditions," that "will reasonably assure" the defendant attends court and the community is safe.  Id. § 3142(c)(1)(B); see also id. § 3142(c)(1)(B)(xiv) (permitting a court to impose "any . . . condition that is reasonably necessary to . . . assure the safety of any other person and the community").  A court determines what conditions should be imposed by considering (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community."  Id. § 3142(g).  And a court can reassess these factors and amend a defendant's pretrial-release conditions "at any time."  Id. § 3142(c)(3).

## Analysis

Upon assessing the § 3142(g) factors, the Court determines the Moores may attend President Trump's inauguration without endangering the community or risking a failure to appear in court.

To begin, factors one and three favor granting the Moores' motion. The Moores are not charged with committing violent offenses or instigating the January 6 mob, and they are not alleged to have engaged in violent conduct while committing the four charged misdemeanors. They simply entered the Capitol for eight minutes. In addition, the government points to nothing in either of the Moores' pasts that indicates they have a propensity for violence or instigating violence. Cf. Pretrial Services Rep. as to Carol Moore [ECF No. 8] (rating Carol Moore as a low-risk level); Pretrial Services Rep. at to Kevin Moore [ECF No. 7] (same for Kevin Moore). The Moores have also fully complied with their release conditions since the conditions were imposed. See Pretrial Compliance Rep. as to Kevin Moore [ECF No. 23] at 3; Pretrial Compliance Rep. as to Carol Moore [ECF No. 24] at 3.

Despite the government's arguments to the contrary, the fourth factor weighs in the Moores' favor, too. The government acknowledges the offenses the Moores are charged with are nonviolent and does not argue the Moores otherwise have a propensity for violence. But the government contends that the Moores should not be permitted to attend an event at "the scene of their crime" that involves the "transition of power." Opp'n at 3. The government gives no specific reasons why the Moores would pose a danger at the inauguration. In the government's view, it is enough to say, "[w]hat's past is prologue." Id. To further its argument, the government—citing Pretrial Services—states "that there is a nontrivial risk that law enforcement officers would be retraumatized by the presence of those who rioted on January 6, 2021." Id. at 3–4.

4

The Court is not convinced. First, past is not prologue here. The nature of the inauguration is wholly different from the last event the Moores attended that involved the transition of power. Put simply, the inauguration will involve a crowd largely *supporting* the peaceful transition of power, not opposing it. Thus the chance the Moores will "engage in mob violence," id., is minimal. Second, while the Court fully recognizes the suffering law enforcement endured on January 6, 2021, the Court sees no reason that law enforcement officers will recognize the Moores. There were thousands of people at the Capitol on January 6. The Moores did not physically harm any officers, and the government gives the Court no other reason to believe they stood out from the rest of the mob. And there will be even more people at the inauguration. The chances are thus slim that any officers present at the inauguration would recognize the Moores, let alone be retraumatized by their attendance.

Thus, factors one, three, and four weigh in favor of granting the Moores' motion. In contrast, factor two weighs in favor of denying it. Photographic and video evidence—including photos the Moores allegedly sent after January 6—indicate that the Moores did in fact enter the Capitol and yell at Capitol Police. See Statement of Facts at 2–9; 18 U.S.C. § 1752(a)(1) (prohibiting "enter[ing] or remain[ing] in" buildings such as the Capitol without authority); id. § 1752(a)(2) (prohibiting "engag[ing] in disorderly or disruptive conduct" in buildings such as the Capitol); 40 U.S.C. § 5104(e)(2)(D) (prohibiting parading in the Capitol); id. § 5104(e)(2)(D) (prohibiting "disorderly or disruptive conduct" in the Capitol). And the Moores' attendance at President Trump's speech and his rally on January 5, 2021—which both emphasized the lie that the election was stolen—could lead a jury to find the Moores wished to halt the Senate's count of the electoral votes and that they knew they had no authority to enter the Capitol. See Statement of Facts at 2–8; 18 U.S.C. § 1752(a)(1) (requiring a knowing mens rea); id. § 1752(a)(2) (requiring

5

an "intent to impede or disrupt the orderly conduct of Government business or official functions"); 40 U.S.C. § 5104(e)(2)(D) (requiring an "intent to impede, disrupt, or disturb" Congress).

The Court determines, however, that this factor is outweighed here. The Moores only request a day-long modification of their release conditions to attend an event memorializing this country's tradition of peaceful transfer of power. Considering the other three 18 U.S.C. § 3142(g) factors weigh in favor of granting the Moores' motion, the Court concludes that evidence indicating the Moores committed four nonviolent misdemeanors does not make prohibiting them from attending the inauguration "the least restrictive . . . condition" necessary to ensure the community is safe. Id. § 3142(c)(1)(B).

## Conclusion

For the reasons above, it is hereby **ORDERED** that [53] Kevin and Carol Moores' motion to modify conditions of release is **GRANTED**. It is further **ORDERED** that [10] Order Setting Conditions of Release as to Kevin Moore and [9] Order Setting Conditions of Release as to Carol Moore shall be modified to permit them to travel to Washington, D.C. to attend the presidential inauguration on January 20, 2025. **SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: January 10, 2025